# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31344
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AHAOMA BONIFACE OHIA,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-139-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ahaoma Boniface Ohia was convicted by a jury of seven counts of health care fraud, in violation of 18 U.S.C. § 1347. He received a sentence of 120 months on the first count and 36 months on each of the remaining counts, the latter sentences to run concurrently with each other and consecutively to the sentence imposed for Count One; Ohia was also sentenced to two years of supervised release and ordered to pay a $700 special assessment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31344

$1,239,283.58 in restitution.  On appeal, Ohia asserts that the evidence is insufficient to support his convictions for Counts Two, Three, and Four because the evidence showed that the purported Medicare beneficiaries met directly with his codefendant and did not recognize Ohia.  Ohia contends that the evidence shows that he was duped by his codefendant's fraudulent actions.  We "view[] all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997).  After reviewing the testimony and the summaries of the evidence presented at trial, we conclude that a reasonable juror could have found that Ohia knowingly and willfully acted to defraud a health care benefit program. *See* § 1347; *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).

At sentencing, the district court assessed a 16-level enhancement after determining that Ohia had intended a loss of $2,239,784.55, the amount of Ohia's billings to Medicare for brace kits, prosthetic gloves, and replacement power wheelchairs.  Ohia contends that this amount overstates the amount of loss because the Government failed to prove that all of this medical equipment was medically unnecessary or was not actually prescribed.  He asserts that the district court should have considered only the significantly lower loss amount alleged in the indictment.

We review the district court's method of determining loss de novo and its factual findings for clear error. *United States v. Harris*, 597 F.3d 242, 250-51 (5th Cir. 2010).  "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).  The Government must "prove by a preponderance of the evidence that the defendant had the subjective intent to cause the loss that is used to calculate his offense level." *United States v.*

No. 14-31344

*Isiwele*, 635 F.3d 196, 203 (5th Cir. 2011) (internal quotation marks and citation omitted).

The use of the amounts fraudulently billed to Medicare constituted prima facie, although not conclusive, evidence of the amount of intended loss. *Id.* The district court was not bound by the loss amounts alleged in the indictment and could take into account relevant conduct. *See* U.S.S.G. § 1B1.3(a)(1)(A). Ohia's objections to the loss amount did not constitute competent rebuttal evidence. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Ohia has failed to establish that the information included in the PSR was "materially untrue, inaccurate or unreliable." *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015) (internal quotation marks and citation omitted). The district court's determination that Ohia had intended a loss of over $1,000,000, which would trigger the 16-level enhancement under U.S.S.G. § 2B1.1(b)(1)(I) (Nov. 2008), was "plausible in light of the record as a whole." *Juarez-Duarte*, 513 F.3d at 208. The judgment of the district court is therefore AFFIRMED.

3